United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

SLAVISA RASIC,

        Plaintiff,

    v.

UNITED SECURITY SPECIALISTS INC.,
et al.,

        Defendants.

Case No.  25-cv-07125-BLF

**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION; AND TERMINATING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

[Re:  ECF No. 19]

Before the Court is specially appearing Defendant Sentinel Holdings, Ltd.'s ("Sentinel") motion to dismiss for lack of personal jurisdiction.  ECF No. 19 ("Mot."); *see also* ECF No. 24 ("Reply").  Plaintiff Slavisa Rasic opposes.  ECF No. 20 ("Opp.").  The Court held a hearing on the motion on February 26, 2026.  ECF No. 33.  For the reasons stated by the Court on the record at the hearing and summarized below, the Court DISMISSES the action without prejudice for lack of subject matter jurisdiction.  Sentinel's motion to dismiss, ECF No. 19, is terminated without prejudice.

**I.  DISCUSSION**

This case arises out of Mr. Rasic's allegedly retaliatory termination from Defendant United Security Specialists, Inc. ("USS") after Mr. Rasic raised concerns about some of USS's practices.  Mr. Rasic, who resides in Nevada, was USS's Chief Operating Officer ("COO").  ECF No. 1 ("Compl.") ¶¶ 1, 11.  USS provides on-site security services in California.  Compl. ¶ 2.  Sentinel, previously known as James Maritime Holdings, Inc., is USS's holding company.  Compl. ¶ 3.  Sentinel is a Neveda Corporation with its principal place of business in Utah.  Compl. ¶ 3.  On February 5, 2024, Mr. Rasic was hired by USS as its COO.  Compl. ¶ 11.  After he reviewed

USS's financial documents, he commented upon the "questionable charges and illegal practices he discovered." Compl. ¶ 15. After voicing those concerns, Mr. Rasic was terminated on September 11, 2024. Compl. ¶ 19.

The complaint alleges that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Compl. ¶ 8. However, on the face of the complaint, it appears that complete diversity is lacking because Mr. Rasic resides in Nevada and Sentinel is a Nevada corporation. Compl. ¶¶ 1, 3. Subject matter jurisdiction is not waivable, and a federal court "is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing Fed. R. Civ. P. 12(h)(3)). Accordingly, the Court requested that the parties be prepared to discuss at the hearing whether the Court has subject matter jurisdiction over this case. ECF No. 32.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As relevant here, diversity jurisdiction requires both complete diversity between the parties and an amount in controversy greater than $75,000. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020) (citing 28 U.S.C. § 1332(a)). Complete diversity means that "each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A natural person's citizenship is determined by his state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is "[his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Id.*

At the hearing, all parties agreed that there is not complete diversity in this case because Mr. Rasic is domiciled in Nevada and Sentinel is incorporated in Nevada. Because there is not complete diversity, the Court does not have subject matter jurisdiction over this action. Accordingly, this case is DISMISSED without prejudice. Sentinel's motion to dismiss for lack of personal jurisdiction is, therefore, terminated without prejudice.

United States District Court
Northern District of California

2

**II.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) This action is DISMISSED without prejudice to Plaintiff to allow filing of this action in the proper court.

(2) Sentinel's motion to dismiss for lack of personal jurisdiction, ECF No. 19, is TERMINATED without prejudice.

(3) The Clerk of the Court SHALL close the case.

Dated:  February 26, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3